No. **CR 14 00310 LHK PSG**

E-filing

FILED
JUN 11 2014
RICHARD W. WIEKING
NO. CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*SAN JOSE DIVISION*

### THE UNITED STATES OF AMERICA

*vs.*

### LENA "MICKEY" JACOBS COOMBS

# INDICTMENT

Counts One through Twenty-Six: 18 U.S.C. § 1343 – Wire Fraud

Counts Twenty-Seven through Thirty-Six: 18 U.S.C. § 1957(a) – Money Laundering

*A true bill.*

_____
*Foreperson*

*Filed in open court this* 11th *day of* June

*A.D. 2014*

_____
UNITED STATES MAGISTRATE JUDGE

*Bail. $* Summons for 6/30/14 at 1:30 (HRL)

E-filing

FILED
JUN 11 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MELINDA HAAG (CABN 132612)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14 00310 LHK PSG |
| Plaintiff, | |
| v. | VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957(a) – Money Laundering |
| LENA "MICKEY" JACOBS COOMBS, | SAN JOSE VENUE |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant Lena "Mickey" Jacobs Coombs ("Coombs") was employed by Symantec Corporation ("Symantec") as a Director of Marketing and worked at Symantec's Lyndon, Utah facility near Salt Lake City.

2. Symantec's worldwide headquarters and principal place of business were first in Cupertino, California, and then Mountain View, California, within the Northern District of California. Symantec is a software technology company that provides security, storage, and systems

1

management software services to customers throughout the world.

3. Symantec provided corporate credit cards to Coombs for the purpose of paying business-related expenses.

4. American Express was the issuer of the corporate credit cards Symantec provided to Coombs ("the Symantec American Express Cards"). When Coombs used the Symantec American Express Cards to buy goods and services, authorization information from the card, the transaction details, and funds were sent electronically in interstate commerce from the purchase location to American Express in Phoenix, Arizona.

5. Invoices and purchase orders requesting payment from Symantec were electronically transmitted to Symantec's Finance and Treasury Department in Mountain View, California. Symantec employees in Mountain View, California reviewed and approved those invoices, and purchase orders. After those invoices and purchase orders were received, wire instructions were electronically submitted from the Symantec Headquarters in the Northern District of California to locations outside the state of California, including a Symantec bank account at Bank of America in Georgia.

6. The Symantec Corporate Executives who oversaw Symantec's Finance and Treasury Department (which included Symantec American Express cards, invoices, purchase order programs, and accounts payable) worked in Symantec's headquarters in the Northern District of California.

7. DART Marketing and Events LLC ("Dart Marketing") was a Utah company Coombs created, incorporated, and controlled. Coombs listed herself as a registered principal for Dart Marketing. Coombs created and had signatory authority on Dart Marketing's bank account at Mountain America Credit Union account, and disbursed all funds paid to Dart Marketing.

### THE SCHEME TO DEFRAUD

8. Between no later than January 2010, and continuing to on or about May 2012, Coombs devised and executed a scheme and plan to defraud as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions. Coombs'

scheme and plan to defraud involved her using several different methods to embezzle over $1.34 million from her employer Symantec.

9. Coombs charged personal and other unauthorized expenses on the Symantec American Express Cards, then knowingly submitted fraudulent expense reports to disguise these charges as legitimate business expenses.

10. Coombs used her Symantec American Express Cards to make additional unauthorized financial transfers into her Dart Marketing PayPal account. Coombs then moved those funds from the Dart Marketing PayPal account into her personal bank account and dissipated that money on personal expenditures.

11. Coombs prepared and submitted fraudulent invoices for non-existent work, then diverted the payments on those invoices for her personal use. Coombs generated and submitted for payment fraudulent invoices falsely claiming that Dart Marketing had completed various marketing activities on behalf of Symantec. In reality, Dart Marketing did not complete these marketing activities as Coombs claimed, but instead existed primarily as a shell company Coombs created and used to facilitate her fraud. Coombs used her position as a Marketing Director at Symantec to approve payment of the fraudulent Dart Marketing Invoices. Coombs actively misrepresented and hid her connection to Dart Marketing by falsely telling fellow Symantec employees that another individual owned and operated that company. Symantec paid these fraudulent invoices by wiring money from a Symantec Bank of America account to the Dart Marketing Mountain America Credit Union account. After Symantec paid these fraudulent invoices, Coombs used her control of the Dart Marketing bank account to quickly divert those payments to her personal bank account and for other unauthorized uses.

12. As part of her scheme to defraud, Coombs embezzled a total of over $1.34 million from Symantec between January 2010 and May 2012. Coombs spent these embezzled Symantec funds on various personal expenses such as payments on automobiles, vacations, personal home remodeling, concerts, and childcare expenses.

COUNTS ONE THROUGH TWENTY-FIVE: (18 U.S.C. § 1343 –Wire Fraud)

13. Paragraphs 1 through 12 are incorporated as if fully set forth here.

14. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

LENA "MICKEY" JACOBS COOMBS,

having devised and intending to devise a scheme and artifice (A) to defraud as to a material matter, and (B) to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, for the purpose of executing such scheme and artifice and attempting so to do, did knowingly cause to be transmitted in interstate commerce by a wire communication certain writings, signs, signals, and pictures, namely, the wires transfers described below:

| Count | Date | Wire Transfer |
|---|---|---|
| 1 | 1/5/2010 | Interstate wire initiated by charge of $4,238.40 to American Express card account ending in 1008 from Waikiki Beach Marriot Resort |
| 2 | 7/26/2011 | Interstate wire initiated by charge of $1,601.31 to American Express card account ending in 2007 from Hertz RAC/ Advantage |
| 3 | 10/26/2011 | Interstate wire initiated by charge of $5,779.68 to American Express card account ending in 2007 from Ritz Carlton Kapalua |
| 4 | 8/12/2010 | Interstate wire initiated by charge of $543.86 to American Express card account ending in 1008 from Walt Disney World Westin Swan Hotel |
| 5 | 4/10/2012 | Interstate wire initiated by charge of $3,643.73 to American Express card account ending in 2007 from Marriot Hotel Orlando |
| 6 | 4/10/2012 | Interstate wire initiated by charge of $1,472.85 to American Express card account ending in 2007 from Marriot Hotel Orlando |
| 7 | 11/20/2011 | Interstate wire initiated by charge of $1,176.58 to American Express card account ending in 2007 from Venetian/Palazzo Hotel |
| 8 | 11/20/2011 | Interstate wire initiated by charge of $1,310.62 to American Express card account ending in 2007 from Venetian/Palazzo Hotel |
| 9 | 11/8/2011 | Interstate wire initiated by charge of $4,200 to American Express card account ending in 2007 from Hard Rock Box Office Las Vegas |

| | | |
|---|---|---|
| 10 | 10/19/2011 | Interstate wire initiated by charge of $704.55 to American Express card account ending in 2007 from StubHub Inc. |
| 11 | 10/20/2011 | Interstate wire initiated by charge of $361.75 to American Express card account ending in 2007 from StubHub Inc. |
| 12 | 9/19/2011 | Interstate wire initiated by charge of $1,444.75 to American Express card account ending in 2007 from StubHub Inc. |
| 13 | 9/20/2011 | Interstate wire initiated by charge of $989.35 to American Express card account ending in 2007 from StubHub Inc. |
| 14 | 3/2/2011 | Interstate wire initiated by charge of $2,000 to American Express card account ending in 2007 from PayPal |
| 15 | 11/17/2011 | Electronic mail from Coombs with the subject "RE: URGENT – Fraudulent AMEX Charges?" |
| 16 | 6/24/2010 | Interstate wire instructions related to an ACH electronic payment of $32,275 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 17 | 9/8/2010 | Interstate wire instructions related to an ACH electronic payment of $57,812.06 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 18 | 11/3/2010 | Interstate wire instructions related to an ACH electronic payment of $44,986.39 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 19 | 1/5/2011 | Interstate wire instructions related to an ACH electronic payment of $12,480 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 20 | 1/19/2011 | Interstate wire instructions related to an ACH electronic payment of $18,653.89 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 21 | 1/26/2011 | Interstate wire instructions related to an ACH electronic payment of $16,800 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 22 | 3/23/2011 | Interstate wire instructions related to an ACH electronic payment of $113,044 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 23 | 10/5/2011 | Interstate wire instructions related to an ACH electronic payment of $215,900 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 24 | 10/12/2011 | Interstate wire instructions related to an ACH electronic payment of $33,000 from a Bank of America account to a Dart |

| Count | Date | Transaction |
|---|---|---|
| | | Marketing Mountain America Credit Union account ending in 6618. |
| 25 | 2/15/2012 | Interstate wire instructions related to an ACH electronic payment of $20,000 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |
| 26 | 5/2/2012 | Interstate wire instructions related to an ACH electronic payment of $222,000 from a Bank of America account to a Dart Marketing Mountain America Credit Union account ending in 6618. |

All in violation of Title 18, United States Code, Section 1343.

<u>COUNTS TWENTY-SEVEN THROUGH THIRTY-SIX</u>: (18 U.S.C. § 1957(a) -- Money Laundering)

15. The allegations set forth in paragraphs 1 through 12, and the factual allegations set forth in each of Counts 1 through 26, are realleged and incorporated as if fully set forth here.

16. On or about the dates listed below, in the Northern District of California and elsewhere, the defendant,

LENA "MICKEY" JACOBS COOMBS,

did knowingly engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, involving criminally derived property of a value greater than $10,000, said property having in fact been derived from a specified unlawful activity, namely, wire fraud:

| Count | Date | Transaction |
|---|---|---|
| 27 | 6/30/2010 | Issuance of check #133 for $27,000 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |
| 28 | 9/10/2010 | Issuance of check #138 for $24,000 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |
| 29 | 11/9/2010 | Issuance of check #165 for $32,000 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |
| 30 | 1/11/2011 | Issuance of check #140 for $12,000 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |
| 31 | 1/25/2011 | Issuance of check #167 for $16,000 payable to M J Coombs from a Dart Marketing Mountain America Credit Union |

| | | |
|---|---|---|
| | | Account ending in 6618. |
| 32 | 1/31/2011 | Issuance of check #168 for $19,500 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |
| 33 | 3/28/2011 | Issuance of check #171 for $10,152.56 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |
| 34 | 10/13/2011 | Interstate ACH transfer of $12,327.07 from Dart Marketing Mountain America Credit Union Account ending in 6618 payable to Coombs' personal American Express account. |
| 35 | 9/26/2011 | Issuance of check #187 for $11,000 payable to Dave's Construction from a Wells Fargo Bank Account ending in 5958. |
| 36 | 3/1/12 | Issuance of check #108 for $15,000 payable to M J Coombs from a Dart Marketing Mountain America Credit Union Account ending in 6618. |

All in violation of Title 18, United States Code, Section 1957(a).

FORFEITURE ALLEGATION         (18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982 and 28 U.S.C. § 2461(c) – Fraud and Money Laundering Forfeiture)

17. The allegations set forth in paragraphs 1 through 12, and in each of Counts 1 through 26, wire fraud, are re-alleged and incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). Upon conviction for any offense alleged in Counts 1 through 26, for wire fraud, the defendant,

LENA "MICKEY" JACOBS COOMBS,

shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offense, including, but not limited to: a sum of money equal to the gross proceeds obtained as a result of the offense, including but not limited to: the real property and improvements located at 6649 W. 10350 N, Highland, Utah, APN # 12-011-0026.

18. The allegations set forth in paragraphs 1 through 12, and the allegations set forth in each of Counts 27 through 36, money laundering, are re-alleged and incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

Upon conviction for any offense alleged in Counts 27 through 38, money laundering, the defendant,

LENA "MICKEY" JACOBS COOMBS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) any property, real or personal, involved in said violations, or any property traceable to such property, including but not limited to the following: the real property and improvements located at 6649 W. 10350 N, Highland, Utah, APN # 12-011-0026.

19. If any of said property, as a result of any act or omission of the defendant:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to or deposited with, a third person;

    C.    has been placed beyond the jurisdiction of the Court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

//

20. All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982, and Title 28, United States Code, Section 2461(c).

DATED:

A TRUE BILL

FOREPERSON

MELINDA HAAG
United States Attorney

JEFF NEDROW
San Jose Branch Chief

(Approved as to form: )
AUSA Joseph Fazioli

9

AO 257 (Rev. 6/78)

E-filing

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

Counts One through Twenty-Six: 18 U.S.C. § 1343 – Wire Fraud

Counts Twenty-Seven through Thirty-Six: 18 U.S.C. § 1957(a) – Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 18 U.S.C. § 1343 - 20 years in prison, 3 years supervised release, a fine of $250,000, restitution and a $100 special assessment.

18 U.S.C. § 1957 - 10 years in prison, 3 years supervised release, a fine of $250,000, restitution and $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

---- DEFENDANT - U.S ----
▶ LENA "MICKEY" JACOBS COOMBS

DISTRICT COURT NUMBER
CR14 00310 LHK PSG

FILED JUN 11 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction     ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed _____

DATE OF ARREST ▶  Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
S/A David Brown - FBI

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    JOSEPH A. FAZIOLI

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☒ Arraignment ☒ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: July 11, 2014/8:30 AM    Before Judge: Paul S. Grewal

Comments: