MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOSEPH FAZIOLI (CABN 275564)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5595
Facsimile: (408) 535-5066
joseph.fazioli@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 14-00310 LHK |
| Plaintiff, | ) ) UNITED STATES' SENTENCING |
| v. | ) MEMORANDUM ) |
| LENA "MICKEY" JACOBS COOMBS, | ) SENTENCING DATE: ) April 22, 2015 |
| Defendant. | ) ) |

On December 16, 2014, defendant Lena "Mickey" Jacobs Coombs pled guilty pursuant to a plea agreement to one count of wire fraud in violation of 18 U.S.C. § 1343. Between January 2010 and May 2012, defendant abused her position as a Director of Marketing to embezzle over $1,137,000 from her employer the Symantec Corporation. The Probation Department and the parties have calculated the defendant's guidelines to be an adjusted total offense level of 22 and Criminal History Category I. The sentencing range for imprisonment under this guidelines calculation is 41 to 51 months. The Probation Department recommends that the Court impose a prison term of 41 months along with other enumerated conditions. The Government has reviewed the Probation Department's final pre-sentence report (PSR) and has no objection to the either the guidelines calculation or the factual information contained in the

UNITED STATES' SENTENCING MEMORANDUM
1

PSR. For reasons stated below, the Government respectfully agrees with the Probation Department's recommendation that the defendant receive a low-end guidelines prison term of 41 months.

**DISCUSSION**

**A.     A Low-End Guidelines Sentence of 41 Months Imprisonment for the Defendant is Reasonable and Appropriate**

Defendant's criminal conduct merits a 41 months sentence of imprisonment. Defendant admitted in her plea agreement that:

> I devised and executed a scheme and plan to defraud Symantec by embezzling over $1.137 million. I used several different methods to defraud Symantec.
>
> First, I knowingly and fraudulently charged personal and other unauthorized expenses on the Symantec American Express Cards, then knowingly submitted fraudulent expense reports to disguise these charges as legitimate business expenses.
>
> Second, I also knowingly and fraudulently used Symantec American Express Cards to make additional unauthorized financial transfers into my Dart Marketing bank account. I then moved those funds from the Dart Marketing bank account into my personal bank account and dissipated that money on personal expenditures.
>
> Third, I also knowingly prepared and submitted fraudulent invoices to Symantec for non-existent work, then diverted the payments on those invoices for my personal use. []
>
> I knowingly generated and submitted for payment fraudulent invoices falsely claiming that Dart Marketing had completed various marketing activities on behalf of Symantec. In reality, Dart Marketing did not complete these marketing activities as I had claimed, but instead I used Dart Marketing primarily as a shell company to facilitate my fraud.

Plea Agreeement ¶ 2.

Defendant also admitted in her plea agreement that she "spent these embezzled Symantec funds on various personal expenses such as trips to Hawaii, the 2012 Super Bowl in Indianapolis, concerts, home remodeling, automobile payments, and a personal nanny." Plea Agreeement ¶ 2. In other words, the defendant embezzled for luxuries as opposed to necessities. The Government concurs with the Probation Department's characterization of the defendant's criminal conduct:

> The criminal conduct in this case was significant. The defendant embezzled a substantial amount of money from her employer over several years. The defendant went to great lengths to conceal her actions and to embezzle more money. Additionally, the defendant utilized the money to attend concerts and take trips. Based on her conduct, a significant sentence is warranted. A low end guidelines sentence of 41 months will provide just punishment and deterrence [from] future criminal conduct.

Probation PSR Recommendation at pg. 2.

UNITED STATES' SENTENCING MEMORANDUM

2

Of further concern to the Government is the fact that the defendant created and used a shell company to facilitate her fraud and conceal her criminal activities. Plea Agreeement ¶ 2. In light of the above, a 41 months sentence of imprisonment is reasonable and appropriate.

A 41 months sentence for the defendant also would comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), as required by 18 U.S.C. § 3553(a). First, a sentence of 41 months imprisonment would reflect the seriousness of the defendant's offense, wire fraud, promote respect for the law, and provide just punishment for this offense. See 18 U.S.C. § 3553(a)(2)(A). The defendant's criminal conduct was not a one-time mistake, but "occurred over the course of two years and involved significant planning and preparation." PSR Sentencing Recommendation at pg. 2. The defendant also admitted in her plea agreement that her criminal conduct involved sophisticated means. Plea Agreement ¶ 2. A substantial custodial sentence of 41 months is an appropriate sanction in this case for the defendant given (1) the seriousness of her offense; (2) the substantial amount that she stole; and (3) the lengthy period of time during which she engaged in embezzlement.

Second, a sentence of 41 months imprisonment would afford adequate deterrence of further criminal conduct both for the defendant and the public, as 18 U.S.C. § 3553(a)(2)(B) requires. The need for public deterrence should be an especially important consideration in this case. Defendant stole over $1,137,000 from her employer, then spent the money on extravagant personal items. In these difficult economic times, there will be increasing temptations for individuals to engage in similar fraudulent schemes. By imposing a 41 months sentence, this Court will demonstrate both to this defendant and the public that fraud and embezzlement will result in substantial prison time.

The Government's recommendation of a low-end guidelines sentence of 41 months is based on the understanding the defendant will fulfill the promise she made in her plea agreement to "make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay." Plea Agreement ¶ 9. However, if this Court were to determine that the defendant is not acting in good faith in regard to restitution, it would be an aggravating factor that would merit a higher sentence. The Government agrees with the Probation Department's recommendation that the defendant be ordered to pay

UNITED STATES' SENTENCING MEMORANDUM

3

$915,412.71 in restitution to her former employer Symantec.[1] The FBI's financial investigation has determined that defendant previously owned two rental properties in Florida. In early November 2014 (approximately six weeks before defendant's change of plea), one of the defendant's rental properties (at 880 A1A Beach Boulevard, Unit 2103, St. Augustine, Florida) was sold for a sales price of $180,000. The Probation Department references this sale in the PSR, noting that "Coombs recently sold one of her rental properties and is utilizing that income for her expenses, as she is currently unemployed." PSR ¶ 61. However, the proceeds Coombs received from the sale of her Unit 2103 rental property do not appear to be listed as an asset in her PSR. It is the Government's expectation that Coombs will pay most (if not all) of the proceeds from her $180,000 sale of the Unit 2103 rental property toward the $915,412.71 in restitution she owes Symantec.

Given the aforementioned factors, a 41 month term of imprisonment is a reasonable and appropriate sanction for the defendant's conduct. The Government agrees with the Probation Department's other recommendations, including that the defendant be allowed to self-surrender, be required to pay restitution in amount of $915,412.71, and be prohibited from maintaining a position of fiduciary capacity without the prior permission of her probation officer.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence defendant Lena "Mickey" Jacobs Coombs to 41 months imprisonment in addition to the other terms and

//
//
//
//
//
//

---

[1] The plea agreement also includes a stipulated restitution amount of $915,412.71. The difference between the $915,412.71 restitution figure and the loss amount figure of over $1,137,000 arises from the fact that Symantec was able to reverse one of the fraudulent wire transfers (Count 26 of the Indictment) and therefore recover $222,000. That $222,000 is appropriately part of the loss amount but should not be included in the restitution amount.

UNITED STATES' SENTENCING MEMORANDUM

4

conditions enumerated by the Probation Department.

DATED:  April 15, 2015                                    Respectfully submitted,

MELINDA HAAG
United States Attorney

           /s/
JOSEPH FAZIOLI
Assistant U.S. Attorney

UNITED STATES' SENTENCING MEMORANDUM

5